JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Walter Bailey, appeals the judgment of the trial court labeling him a sexual predator. For the following reasons, we affirm.
 {¶ 2} On September 1, 1987, appellant was found guilty of felonious assault, rape and attempted sexual penetration. Appellant was sentenced to concurrent terms of three-to-fifteen years for the felonious assault, five-to-twenty-five years for the rape, and three-to-fifteen years for the attempted sexual penetration.
 {¶ 3} On August 26, 2004, the court held a sexual predator hearing pursuant to R.C. 2950.09(C). Appellant's institutional record, the Court Psychiatric Clinic Evaluation Report, a certified journal entry of appellant's conviction in this case, and a certified journal entry of appellant's conviction of two counts of assault in another case were admitted into evidence at the hearing.
 {¶ 4} After considering the factors set forth in R.C. 2950.09(B)(3), the trial court found, by clear and convincing evidence, that appellant is a sexual predator and so labeled him. Appellant now challenges that label as, in essence, being against the manifest weight of the evidence. Appellant further challenges the constitutionality of R.C. Chapter 2950.
 I. Weight of the Evidence {¶ 5} A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins (1997),78 Ohio St.3d 380, 386-87, 678 N.E.2d 541. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." Id. at 387; Tibbs v. Florida (1982), 457 U.S. 31, 42, 102 S. Ct. 2211, 2218,72 L. Ed. 2d 652. In taking on this role, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new proceeding ordered. State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 6} Where a judgment is supported by competent, credible evidence going to all essential elements to be proven, the judgment will not be reversed as being against the manifest weight of the evidence. C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. In its inquiry, the reviewing court presumes that the trial court's findings of fact were correct. Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273. If the evidence is susceptible to more than one construction, the reviewing court must give the evidence an interpretation consistent with the trial court's judgment and most favorable to sustaining the judgment. Id. at 80, fn. 3, citing 5 Ohio Jurisprudence 3d (178), 191-192, Appellate Review, Section 603.
 {¶ 7} R.C. 2950.09(B)(4) specifically provides that a determination of whether an offender is a sexual predator must be supported by clear and convincing evidence. Therefore, we review the record to determine whether, after both parties have presented their cases, there exists clear and convincing evidence to support the State's contention that appellant is a sexual predator.
 {¶ 8} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus. Therefore, clear and convincing evidence will be found, as a matter of law, where the record does not demonstrate that there is a sufficient conflict in the evidence presented. Id. at 479.
 {¶ 9} In making its decision whether an offender is a sexual predator, the trial court is guided by the factors listed in R.C.2950.09(B)(3). R.C. 2950.09(B)(3) states:
 {¶ 10} "In making a determination under divisions (B)-(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 11} "(a) The offender's or delinquent child's age;
 {¶ 12} "(b) The offender's or delinquent child's prior criminal record or delinquency regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 13} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 14} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 15} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 16} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act, and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 17} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 18} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 19} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 20} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 21} In the instant case, the trial court relied on several of the R.C. 2950.09(B)(3) factors in labeling appellant a sexual predator. Specifically, the court noted that appellant has a prior criminal record of "pretty violent offenses," including assault, battery, domestic violence, and attempted murder. The court noted that appellant's adult criminal history began when he was 18 years old, and that much of his history of violence was against his wife, the victim in the within case. Thus, in addition to noting appellant's criminal record, the court also found that his actions toward the victim constituted a demonstrated pattern of abuse.
 {¶ 22} The court further found that appellant was diagnosed with antisocial personality disorder, and that in addition to being impulsive, he has a "pervasive pattern of disregard for the law and rules of society, demonstrated * * * by repeated arrests and violent acting out."
 {¶ 23} Moreover, the court found that appellant displayed or threatened cruelty toward the victim, in that "he had a reign of terror" over her. The court noted that in another case with the victim, appellant tied her to a bed post, and hit her aunt and sister with a two-by-four board when they tried to help her, and that in this case appellant assaulted and raped the victim with a coat hanger.
 {¶ 24} Finally, in considering any additional behavioral characteristics that contributed to appellant's conduct, the court found that appellant has a "pervasive pattern of disregard for the law and rules of society," and that he had disciplinary action taken against him in 1991, 1998, 2000 and 2001 while in prison.
 {¶ 25} Upon review, we find that the weight of the evidence fully supported the trial court's decision to adjudicate appellant a sexual predator. Appellant's first assignment of error is overruled.
 II. Constitutionality of R.C. Chapter 2950.09 A. {¶ 26} In his second assignment of error, appellant argues that R.C. Chapter 2950 is punitive in nature and, thus, unconstitutional. Appellant's contention is without merit in light of the decision of the Supreme Court of Ohio in State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570, as well as this court's interpretation of the Cook
decision in State v. Ward (1999), 130 Ohio App.3d 551. In the above-cited cases, it was determined that the notification, registration and verification provisions of R.C. 2950 are remedial in nature rather than punitive and, therefore, R.C. 2950 is constitutional in scope as well as application.
 {¶ 27} Additionally, appellant cites the United States Supreme Court cases of Apprendi v. New Jersey (2000),120 S.Ct. 2348 and Blakely v.Washington (2004), 124 S.Ct. 2531, for the proposition that he was denied due process of law because his indictment did not contain an allegation or claim that he was a sexual predator. In essence, he claims that absent notice by way of pleading or indictment, he cannot be held to answer to any charge that he is a sexual predator. The flaw in appellant's argument is that he likens the sexual predator determination to either a charge or a kind of specification that requires proof beyond a reasonable doubt. This is simply not the case. Both a charge and a specification are substantive allegations of criminal wrongdoing. The substantive nature of a charge is obvious, and Crim.R. 7 requires that all felony charges be set forth in an indictment in order to provide notice to the offender. Likewise, specifications are typically used to enhance either the penalty for an offense (i.e., a violence specification) or to impose a separate penalty (i.e., a gun specification), and they, too, are substantive and must be contained in the indictment.
 {¶ 28} A sexual predator determination is not like a charge or specification because it is remedial, not punitive in nature. In Cook,
supra, the Supreme Court of Ohio held that a sexual predator determination is a remedial determination designed to assist law enforcement officials "to remain vigilant against possible recidivism by offenders." Id. at 417. Because the sexual predator law is remedial, it cannot comprise a substantive element of the charged sex offenses, and appellant was not entitled to notice in the indictment that he might be determined to be a sexual predator.
 {¶ 29} Appellant's second assignment of error is overruled.
 B. {¶ 30} In his third and fourth assignments of error, appellant contends that the sexual predator law is unconstitutional as being a retroactive law, and in violation of the double jeopardy clause of the United States Constitution, respectively. We summarily reject this assignment on authority of Cook, supra, and State v. Williams (2000),88 Ohio St.3d 513.
 {¶ 31} Having found appellant's four assignments of error to be without merit, the judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Corrigan, J., Concur.